IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY a/s/o Mitchell Morgan Management, Inc. d/b/a Woodcrest Arms Apartments,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA HUTCHINSON,<br><br>and<br><br>DALE GRIMM,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 1:12-cv-00632<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

Pending before the Court is a Motion For Default Judgment (the "Motion") filed by Plaintiff Greater New York Mutual Insurance Company, a/s/o Mitchell Morgan Management, Inc. d/b/a Woodcrest Arms Apartments (collectively "GNY"). (D.I. 13) For the reasons discussed below, the Court will GRANT GNY's Motion.

## BACKGROUND

The action stems from an insurance policy issued by Plaintiff GNY to Plaintiff's subrogee for the real property known as Woodcrest Arms Apartments located at 4 Woodcrest Drive, Dover, Delaware, 19904.

On or about June 2, 2010, GNY, a New York corporation with its principal place of business in New York, executed a lease with Defendant Patricia Hutchinson ("Hutchinson"), a resident of Delaware, for Apartment Unit 3-7 ("Unit 3-7") in Building 904 of Woodcrest Arms.

1

(*See* D.I. 1 at 2, 10) On or around June 6, 2010, Defendant Hutchinson allowed Defendant Dale Grimm ("Grimm"), Hutchinson's son, along with Christina Lunn Taylor (Grimm's girlfriend) to reside in Unit 3-7. (D.I. 1 at 3)

On June 6, 2010 at approximately 5:00 a.m., a fire started in the range of the kitchen stove in Unit 3-7, which then spread throughout the kitchen of Unit 3-7 and to the adjacent apartments in Building 904, leading to severe injuries and the deaths of Taylor and another resident of Woodcrest Arms. (*See id.*) Additionally, as a result of the fire and its related damage, Building 904 was condemned and ultimately demolished. (*See id.*)

On June 8, 2010 and November 24, 2010, Plaintiff GNY obtained a "Sworn Statement in Proof of Loss," which documented the extent of the monetary damages caused by the fire. (D.I. 1, 13)

After the fire, GNY filed suit against Defendants Hutchinson and Grimm in the U.S. District Court for the District of Delaware, alleging breach of contract by Hutchinson and negligence by Grimm. (D.I. 1 at 3-7) On September 10, 2012, GNY effectuated service on Hutchinson, but Hutchinson failed to answer the petition or to enter an appearance. (*See* D.I. 5) Accordingly, on January 8, 2013, GNY requested the entry of default against Hutchinson pursuant to Federal Rule of Civil Procedure 55(a). (D.I. 6) Default was subsequently entered on February 7, 2013 by the Clerk of the Court. (D.I. 10)

On January 10, 2013, GNY effectuated service on Defendant Grimm; Grimm failed to answer the petition or to enter an appearance. (D.I. 8) On February 13, 2013, GNY requested the entry of default against Grimm and, pursuant to Rule 55(a), the Clerk entered a default on May 20, 2013. (D.I. 11, 12)

On August 7, 2013, GNY filed its Motion for Default Judgment pursuant to Rule 55(b)(2), requesting that the Court enter an Order of Judgment by Default against non-

answering Defendants Hutchinson and Grimm for damages in the aggregate amount of $2,815,975.79, consisting of a principal balance of $2,715,975.79 for the property/building damage caused by the fire, plus $100,000.00 for the advance payment owing to Plaintiff's subrogee. (D.I. 1, 13)

## LEGAL STANDARDS

Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. *See id.* at Rule 55(a). A party who defaults by failing to plead or defend does not admit the allegations in the claims as to the amount of damages. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992).

## DISCUSSION

The Court will grant GNY's Motion for Default Judgment against Defendants Hutchinson and Grimm. GNY seeks to recover on a debt arising from an apartment fire in Unit 3-7 during the early morning of June 6, 2010. Despite being properly served and informed about the proceeding, Defendants Hutchinson and Grimm have failed to answer the complaint or "otherwise defend" themselves in this action. Moreover, the defaulting Defendants are not infants, have not been declared incompetent, and are not currently in the military or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. § 520. (D.I. 13 at 2) The Clerk of Court entered default many months ago, and Defendants have not taken any action in response.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

    1.    Plaintiff's Motion for Default Judgment (D.I. 13) is **GRANTED.**

    2.    Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter a default judgment in favor Plaintiff and against Defendants, granting Plaintiff the monetary relief that it requested in the aggregate amount of $2,815,975.79, consisting of a principal balance of $2,715,975.79 for the property/building damage caused by the fire at issue in this action, plus $100,000.00 for the advance payment owing to Plaintiff's subrogee. (D.I. 1, 13)

Dated: March 20, 2014  
Wilmington, Delaware

_____  
UNITED STATES DISTRICT JUDGE